FILED

JAN 28 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    ) Case No. 10-16651-B-7
                                         )
Kevin Paul Anderson,                     )
                                         )
                    Debtor.              )
_____)

**MEMORANDUM REGARDING SECOND EX PARTE MOTION TO ORDER CREDITOR TO HONOR DISCHARGE**

The court has reviewed an ex parte pleading lodged with the court on September 7, 2012, entitled "Motion for Order to Creditor to Honor Discharge of Debt Properly Discharged in Chapter 7 Proceedings" (the "Ex Parte Motion"). This is the second time the Debtor has presented exactly the same motion. The prior pleading was filed on May 24, 2012, as a motion for a writ of habeas corpus. The prior motion was denied by order dated June 19, 2012. The Debtor now acknowledges in a cover page attached to the Ex Parte Motion that this court cannot grant habeas corpus and has resubmitted the same pleading with a request for different relief summarized below. The present Ex Parte Motion includes a proof of service showing that it was served by first-class mail on the Los Angeles County Superior Court and the Pleasant Valley State Prison Inmate Trust Office. It was not served on the California Department of Corrections or the respondents identified in the pleading.

The Debtor is currently incarcerated at Pleasant Valley State Prison pursuant to a 2001 criminal conviction from the state court for second-degree murder. The Debtor is also subject to a restitution order issued by the state court in favor of the victim's family in the amount of $43,611.45 (the "Restitution Award"). While incarcerated, the Debtor filed a voluntary chapter 7 on June 14,

2010. The Ex Parte Motion states that the Restitution Award is being collected by the Department of Corrections for the beneficiaries of the Restitution Award, the victim's family. However, the bankruptcy petition listed only the Pleasant Valley State Prison as a creditor holding a claim based on a "Civil lawsuit." It did not list the California Department of Corrections, or any members of the victim's family as creditors, and the record does not reflect that they ever received notice of the bankruptcy or had an opportunity to contest the dischargeability of the Restitution Award. There were no complaints filed against the Debtor's discharge or to determine dischargeability of a debt and the Debtor received a "no-asset" discharge on September 28, 2010. The final decree was entered and the case was closed on April 21, 2011.

The Debtor apparently receives some form of income for services rendered at the prison. That money is held for the Debtor in a "prisoner trust account." The trust account is being garnished every month to satisfy the Restitution Award. The Debtor wants to terminate the garnishment action. In the Ex Parte Motion, the Debtor requests a determination that the Restitution Award was discharged in this bankruptcy case. The Ex Parte Motion states that the Debtor has already filed a request with the state court to terminate the garnishment based on his contention that the Restitution Award was discharged. The state court denied that motion. The trial court's denial of that motion has been affirmed by the California Court of Appeals for the Second Appellate District.

This court cannot grant the Ex Parte Motion for the following reasons: (1) The Ex Parte Motion was not served or noticed to any of the parties potentially affected by the relief that the Debtor requests; and (2) A proceeding to determine the dischargeability of a debt requires the commencement and proper service of an adversary proceeding. (Federal Rule of Bankruptcy Procedure 7001(6).) This Ex Parte Motion was not filed in proper form as an adversary proceeding and it was not served on the affected parties.

2

Even if this Motion had been properly filed and served, the court would still be unable to grant the Debtor relief. The bankruptcy petition does not disclose the Restitution Award as a debt owed to the California Department of Corrections or to the beneficiaries of the Restitution Award. The state court has concurrent jurisdiction to determine the dischargeability of a debt owed to an undisclosed creditor after the bankruptcy case is closed. *In re Franklin*, 179 B.R. 913, 924 (Bankr. E.D. Cal. 1995). The Debtor is essentially requesting a review of the prior rulings of the state court, denying his request for a determination that the Restitution Award was discharged. However, this bankruptcy court is not a court of appeal and cannot grant that relief.

The Debtor contends that the Restitution Award is dischargeable because it represents compensation for actual damages payable to the beneficiaries of the Award. However, a debt based on compensation for actual damages is not necessarily dischargeable when those damages arise from an international tort. (11 U.S.C. § 523 (a)(6).) A claim based on an intentional tort is not automatically discharged if the holder of that claim did not receive notice of the bankruptcy in time to file a complaint to determine the dischargeability issue. (11 U.S.C. § 523(a)(3)(B).)

For the reasons set forth above, the Ex Parte Motion for an order decreeing the Restitution Award to be discharged in this bankruptcy proceeding will be denied.

Dated: January 28, 2013

W. Richard Lee
United States Bankruptcy Judge

Kevin Paul Anderson, Case No. 10-16651

Kevin Paul Anderson
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Sheryl Ann Strain
Chapter 7 Trustee
575 E. Alluvial Ave., #101
Fresno, CA 93720

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721